(No. 4262-)

AMALIA MILLER, ADMX., ET AL, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed September 19, 1950.*

BEVERLY, ODDSEN AND WEST, Attorneys for Claimant.

IVAN A. ELLIOTT, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

SCHUMAN, C. J.

Claim was filed herein on January 26, 1950, by claimant for the death of her son, which occurred on July 8, 1949, while he was employed by the Division of Highways. The decedent was first employed on June 27, 1949 to mow weeds with his tractor-mower at $2.50 per hour. On the date of July 8, 1949, he was mowing weeds on U. S. Route No. 12 about one and one-half miles southeast of Richmond, Illinois, and at approximately 11:30 A.M. on said date he was found lying on the side of the road under the mower, with the mower and tractor turned over. A doctor was called, and after an examination pronounced him dead. His injuries consisted of a basal fracture of the skull on the lower right rear side of the head, and a broken neck. The decedent not having worked a full year, and less than 200 days, compensation would have to be figured on the minimum basis.

A claim was made by the mother on August 2, 1949. All jurisdictional requirements have been met. The mother has filed her claim on the grounds that she was partially dependent upon the earnings of the deceased at the time of his death.

The evidence discloses that decedent during the school year attended Marquette University, and had graduated therefrom; that he, along with another

brother, Conrad, and several farm hands helped his mother farm a two hundred eighty acre farm. The farm was owned by the mother; there are no mortgages on the farm, and the farm is used as a dairy farm with eighty acres in pasture and two hundred acres for crops. The mother testified that the decedent received no salary, but she gave him spending money and his clothes, etc. The elder son, Conrad, age 26, who also lived at home was paid a salary. There are two minor children, who live on the farm, and also assist in the chores. The evidence further discloses that since the son's death an additional part-time man is hired during the busy season.

The evidence showed that the claimant was the sole owner of the farm and the mother of the decedent; that the father of the decedent and the husband of the claimant had died in 1946; that the decedent had worked and helped on the farm; and that the only thing he ever got was a little spending money.

The only question before the Court in this case is whether or not the facts in evidence discloses a case of partial dependency, so as to allow the mother of the decedent an award under Section 7 (c) of the Workmen's Compensation Act.

The case of *Ritzman* v. *Ind. Com.*, 353 Ill. 34 at page 39, wherein the Court stated:

"In view of this evidence it is apparent that Earl performed substantial services with consistent regularity on the farm, and that from these services the parents received a substantial benefit. They received income from the tobacco and other farm products, which his labor helped to produce and prepare for the market. This contribution of labor was just as substantial and as beneficial to his parents as if it had been a portion of wages paid by an employer as a reward for his labor and turned over to them in cash. His labor and services on the farm were relied upon by the parents, the father being sixty-seven years old and afflicted with rheumatism. In the absence of this help to his parents it would have been necessary preceding his death, as the record shows it was necessary following his death, for them to hire a man

to aid them on the farm at two dollars per day. The labor so given by the son to his parents was the equivalent of money and answered the same purpose. A liberal construction of the Act requires us to hold that such contributions, regularly made in the form of both money and services up to the time of the accident and for a reasonable period of time prior thereto, were sufficient to enable the applicants to recover on the ground of partial dependency."

is very close to the situation in this case. On the basis of the decision of this case, the Court concludes that a case of partial dependency has been established.

D. V. Sheffner has rendered a bill for $35.00 for stenographic services, which charge is found to be fair and reasonable.

An award is, therefore, entered in favor of Amalia Miller, mother of the decedent, as a partially dependent parent, in the sum of $1,500.00 to be paid to her as follows:

$1,395.00 which has accrued to September 16, 1950, for a total of 62 weeks at $22.50 a week.

$ 105.00 payable in weekly installments of $22.50, commencing on September 23, 1950 for a period of 4 weeks, and one final payment of $15.00.

An award is entered in favor of D. V. Sheffner in the amount of $35.00 for stenographic services, which is payable forthwith.

All future payments being subject to the terms and conditions of the Workmen's Compensation Act of Illinois, the jurisdiction of this cause is specifically reserved for such other orders as may from time to time be necessary.

This award is subject to the approval of the Governor, as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."